IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KENNETH R. MURPHY                                                  PLAINTIFF

vs.                                    Civil No. 3:07-cv-03020

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Kenneth R. Murphy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

      Plaintiff protectively filed his application for SSI on October 27, 2003. (Tr. 10, 67). In this application and in the supporting documents filed with the SSA, Plaintiff alleged he was disabled due to borderline intellectual functioning, anxiety, and depression. (Tr. 12, 50). Plaintiff also alleged at the administrative hearing on October 13, 2005 that he was disabled due to scoliosis and chronic back pain. (Tr. 196-197). In his application, Plaintiff alleged an onset date of January 29,

1970.[1] (Tr. 45-48). Plaintiff's SSI application was denied initially on February 3, 2004 and was denied again on reconsideration on April 22, 2004. (Tr. 21-24).

On May 13, 2004, Plaintiff requested a hearing on his application. (Tr. 32). This hearing was held on October 13, 2005 in Harrison, Arkansas.[2] (Tr. 182-212). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, Plaintiff's uncle (Desmal McCutcheon), and Plaintiff's aunt (Jennie Lou McCutcheon) testified at this hearing. *See id.* At the time of this hearing, Plaintiff was thirty-five (35) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563, and had received his high school diploma (with some special education classes). (Tr. 185-190).

On September 1, 2006, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-16). In this opinion, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 27, 2003, the date Plaintiff filed his application. (Tr. 12, Finding 1). The ALJ found the medical evidence established that Plaintiff suffered from the following severe impairments: borderline intellectual functioning, anxiety disorder, and depression. (Tr. 12, Finding 2). The ALJ, however, also found that Plaintiff did not have an impairment or a combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 12, Finding 3).

The ALJ also evaluated Plaintiff's subjective complaints and determined that his allegations of disabling symptoms were not credible. (Tr. 14-15). Specifically, the ALJ found the following:

> After considering the evidence of record, the undersigned finds that the claimant's

---

[1] Plaintiff later amended his alleged onset date to January 1, 2003. (Tr. 186).

[2] The ALJ held a prior hearing on March 24, 2005. (Tr. 177-181). At this hearing, however, Plaintiff reported that he would like to seek representation, and the ALJ postponed a full hearing until a later date. *See id.*

> medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible.

(Tr. 14-15). The ALJ then determined, based upon his review of Plaintiff's subjective complaints, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform activities without exertional limitations. However, he has mental limitations in that he is mildly limited in the ability to understand, remember, and carry out simple instructions. He has limited, but satisfactory, ability to understand, remember, and carry out detailed instructions, make judgments on simple work-related decisions; interact appropriately with supervisors, co-workers, and the general public; and to respond appropriately to routine changes in the work setting. He is seriously limited, but not precluded, in the ability to respond appropriately to pressures in the usual work setting.

(Tr. 14, Finding 4).

The ALJ also determined, based upon his RFC, age, education, and past work experience, that Plaintiff could perform his PRW as a dishwasher at a restaurant. (Tr. 15). The ALJ based this determination upon the responses of the Vocational Expert ("VE") Sarah Moore to written interrogatories. *See id.* The ALJ submitted the following hypothetical to the VE and asked the VE to determine whether there were any jobs an individual with the following limitations could perform:

> First Hypothetical Question–Please assume a person of the claimant's age, education and work background. This person has no physical limitations. This person is mildly limited but can function well in the ability to understand, remember, and carry out simple instructions. This person is limited but satisfactory in the ability to understand, remember, and carry out detailed instructions, make judgments on simple work related decision, interact appropriately with supervisors, co-workers, and the public, and to respond appropriately to changes in a routine work setting. This person is seriously limited but not precluded in the ability to respond appropriately to work pressures in a usual work setting. This person has no other impairments.

(Tr. 120). The VE reported that a hypothetical individual with the above limitations could perform work as a dishwasher (medium, unskilled work). *See id.* The job as a dishwasher has a *Dictionary*

3

*of Occupational Titles* Code of 318.687-010. (Tr. 121). Based upon this response, the ALJ determined Plaintiff's limitations did not preclude him from performing his PRW (Step Four Determination). (Tr. 15-16, Finding 5). The ALJ also determined that because Plaintiff could perform his PRW, he was not and had not been under a "disability" as defined by the Act, since October 27, 2003 (the date of his application) through the date of the hearing decision. (Tr. 16, Finding 6).

On November 1, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). On March 20, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 2-4). On May 23, 2007, Plaintiff filed the present action. (Doc. No. 1). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred when he determined Plaintiff retained the capacity to perform his PRW; (2) the ALJ erred by improperly presenting his hypothetical to the VE; (3) the ALJ's disability determination is not supported by substantial evidence in the record and must be reversed and remanded; (4) the ALJ erred by failing to consider Plaintiff's impairments in combination; (5) the ALJ erred in assessing the credibility of Plaintiff and Plaintiff's witnesses; (6) the ALJ erred by failing to properly consider Plaintiff's inability to afford medical treatment and medication; and (7) the ALJ erred by discounting the opinions of Plaintiff's treating and examining physicians who had found Plaintiff had significant limitations in his ability to perform SGA. (Doc. No. 9, Pages 7-19).

In response, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff suffers from no physical limitations and no disabling mental limitations. (Doc. No. 10, Pages 3-7). Defendant also argues that the ALJ properly considered and assessed Plaintiff's credibility and discounted Plaintiff's subjective complaints for legally-sufficient reasons. *See id.* at 8-12. Defendant argues that the ALJ was not required to discuss every *Polaski* factor in depth, and he met his burden by examining several of the *Polaski* factors. *See id.* Specifically, Defendant claims the ALJ discussed the following *Polaski* factors: (1) Plaintiff's daily activities and his ability to care for his terminally-ill father; (2) the dosage, effectiveness, and side effects of Plaintiff's medication and the fact that Plaintiff sought no treatment for his claimed disabilities; (3) the location, duration, frequency, and intensity of Plaintiff's pain; and (4) the precipitating and aggravating factors

of Plaintiff's pain.[3]  *See id.*  Defendant also argues that substantial evidence supports the ALJ's Step Four determination that Plaintiff could perform his PRW as a dishwasher at a restaurant.  *See id.* at 12-13.  Defendant argues that testimony of a VE is not required at Step Four of the analysis and that the ALJ properly considered Plaintiff's age, past work experience, and RFC in determining whether Plaintiff could perform his PRW.  *See id.*  Finally, Defendant argues that Plaintiff failed to satisfy his Step Three burden of establishing that he had an impairment or a combination of impairments that met or equaled the requirements of the Listings.  *See id.* at 14-17.  Because this Court finds the ALJ erred in evaluating Plaintiff's subjective complaints, this Court will only address Plaintiff's fifth argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

---

[3] Defendant claims the "location, duration, frequency, and intensity" of Plaintiff's pain as well as the "precipitating and aggravating factors" were discussed in the ALJ's opinion. (Doc. No. 10, Page 11). Defendant references Page 16 of the Transcript in support of his claim that the ALJ considered these factors *See id.* Despite Defendant's claims, however, there are no references in the ALJ's opinion regarding these factors.

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a full *Polaski* analysis and did not discount Plaintiff's subjective complaints for legally-sufficient reasons. After reviewing the ALJ's decision, this Court finds that the ALJ only incidentally referenced a few of the *Polaski* factors, and he did not fully evaluate Plaintiff's subjective complaints pursuant to *Polaski*. *See* Background, *supra*. Furthermore, the ALJ did not discount Plaintiff's subjective complaints for legally-sufficient reasons. In his opinion, ALJ discounted Plaintiff's subjective complaints of extreme social anxiety and frequent panic attacks for essentially two reasons: (1) Plaintiff had no medical treatment records supporting his claims and (2) Plaintiff was able "to care for his own personal needs, provide care for

his terminally ill father, shop, pay bills, drive, and perform most household chores." (Tr. 16). First, while Plaintiff did not have any medical records supporting his claims, this basis alone is not sufficient to discount a claimant's subjective complaints of disabling symptoms. *See Polaski,* 739 F.2d at 1322 (holding that "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them"). Second, the ALJ's finding that Plaintiff was able to care for himself and for his father is not necessarily inconsistent with his claim that he suffers from extreme social anxiety and panic attacks while around *other people* (including co-workers). Therefore, these two reasons are not sufficient to discount Plaintiff's subjective complaints.

On remand, the ALJ should also re-evaluate the RFC determination made in this case. Plaintiff sought no medical or psychological treatment of his own accord. Therefore, the record in this case is limited to the four consultative examinations performed. (Tr. 123-133, 154-157, 164-176). These reports are dated as follows: (1) January 12, 2004 by Dr. Shannon Brownfield, M.D. (Tr. 123-129); (2) January 13, 2004 by Dr. William C. Nichols, Psy.D. (Tr. 130-133); (3) May 4, 2005 by Dr. Vann A. Smith, Ph.D. (Tr. 154-157); and (4) February 13, 2006 by Dr. Stephen R. Harris, Ph.D. (Tr. 164-176).

These records indicate that Plaintiff has significant mental limitations the ALJ did not include in his RFC determination. For instance, the ALJ found Plaintiff "*has limited, but satisfactory, ability to understand, remember, and carry out detailed instructions, make judgments on simple work-related decisions; interact appropriately with supervisors, co-workers, and the general public; and to respond appropriately to routine changes in the work setting*." (Tr. 14, Finding 4) (emphasis added). Plaintiff's medical records, however, indicate that Plaintiff suffers from severe anxiety and

9

is at least moderately limited in his social interactions. (Tr. 129. 135, 165-166).  These limitations should be more fully evaluated on remand, and the ALJ should be careful to include all these limitations in his RFC determination.

On remand, the ALJ should also more fully consider the testimony of the witnesses called to testify on behalf of Plaintiff.  In the record, there is no reference to their testimony.  Contrary to Defendant's claims, Eighth Circuit law dictates that the ALJ review the testimony of witnesses called by a claimant in a social security disability case. *See Brown v. Chater,* 87 F.3d 963, 965-66 (8th Cir. 1996) (discounting the testimony of the claimant's witnesses because it was "suspect").  On remand, the ALJ should provide some basis for discounting the testimony of Plaintiff's witnesses.

## 4. Conclusion:

Based upon the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **16th day of May, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE