IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KENNETH R. MURPHY                                                                              PLAINTIFF

vs.                                          Civil No. 3:07-cv-03020

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 25, 2008, Kenneth R. Murphy ("Plaintiff") filed a Motion for Approval of Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 14). With this Motion, Plaintiff seeks an EAJA fee award of $1,661.25. *See id.* On August 29, 2008, Defendant responded to this Motion, and Defendant objects to Plaintiff's request for $1,661.25, arguing that Plaintiff is only entitled to an award of $1,631.28.[1] (Doc. No. 16).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the relevant briefing, recommends that Plaintiff's Motion be **GRANTED.**

**1. Background:**

Plaintiff appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for Supplemental Security Income ("SSI"). (Doc. No. 1). On June 10, 2008, the Honorable Jimm Larry Hendren reversed and remanded Plaintiff's case to the ALJ

---

[1] Presumably, Defendant intended to claim Plaintiff was only entitled to an award of $1,631.25. This amount is $30.00 less than the amount Plaintiff has requested and would be consistent with Defendant's claim that Plaintiff is only entitled to $65.00 per hour, instead of $75.00 per hour, for 3 hours of paralegal work (a $30.00 reduction).

pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 13). On August 25, 2008, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. (Doc. No. 14). With this Motion, Plaintiff requests an EAJA fee award of $1,661.25, representing 9.25 hours of attorney work at an hourly rate of $150.00 per hour ($1,387.50), 3 hours of paralegal work at an hourly rate of $75.00 per hour ($225.00), and $48.75 in costs. (Doc. No. 14).

Defendant responded to this Motion on August 29, 2008. (Doc. No. 16). Defendant objects to this Motion, claiming Plaintiff is only entitled to $1,631.28 in EAJA fees instead of $1,661.25. *See id.* Specifically, Defendant claims Plaintiff is only entitled to $65.00 per hour in paralegal fees, instead of $75.00 per hour, for 3 hours of paralegal work ($30.00 reduction). *See id.* Defendant also objects to the characterization of Plaintiff's copying charges as "costs," not "expenses." *See id.* Defendant, however, *does not object* to Plaintiff's requests for an award of $48.75 in costs *and* expenses.

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion

2

of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

3

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 13). Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, does not object to the hourly rate requested for attorney work, and does not dispute the number of hours expended by counsel. (Doc. No. 16). This Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

As noted above, Plaintiff requests a total award of $1,661.25 under the EAJA, which includes 9.25 hours of attorney work at an hourly rate of $150.00 per attorney hour, 3 hours of paralegal work at an hourly rate of $75.00 per paralegal hour, and $48.75 in costs. (Doc. No. 14). First, Plaintiff requests attorney's fees at a rate of $150.00 per hour for 9.25 hours of attorney work. *See id.* The hourly rate of $150.00 per attorney hour is authorized by the EAJA because Plaintiff has submitted a CPI (Doc. No. 15, Ex. 8), and this Court finds that this hourly rate is appropriate for the award of attorney's fees in the present action. *See Johnson,* 919 F.2d at 504. Second, Plaintiff requests paralegal fees at a rate of $75.00 per hour for 3 hours of paralegal work. *See id.* Defendant objects to this requests and claims that Plaintiff is only entitled to paralegal fees at an hourly rate of $65.00 per hour. (Doc. No. 16). Defendant claims that an award of $65.00 per hour is consistent with other awards in the Western District of Arkansas and is a reasonable amount. *See id.*

This Court disagrees with Defendant's claim regarding the appropriate hourly rate for the award of paralegal fees in this case. This Court has previously found that an award of $75.00 per hour is appropriate for the award of paralegal fees where the plaintiff submitted evidence

establishing the prevailing market rate for paralegal fees. *See Henson v. Social Security Administration,* No. 07-03004 (W.D. Ark. July 23, 2008). This holding is consistent with a recent holding of the United States Supreme Court. *See Richlin Sec. Serv. Co. v. Chertoff*, 128 S.Ct. 2007, 2019 (2008) (holding that paralegal fees under the EAJA should be awarded based upon the prevailing market rate).

In the present action, Plaintiff has submitted affidavits establishing the prevailing market rate. (Doc. No. 15). Defendant has offered no affidavits or other evidence establishing the prevailing market rate is $65.00 per hour. Therefore, despite Defendant's objection to this hourly rate, this Court finds that the hourly rate of $75.00 for paralegal fees is appropriate.

Third, Plaintiff requests costs totaling $48.75. (Doc. No. 14). In his Response, Defendant objected to Plaintiff's characterization of these "costs" and claimed that some of these claimed "costs" are better considered "expenses." (Doc. No. 16). However, regardless of their characterization, Defendant does not dispute the fact that Plaintiff is entitled to this amount. Accordingly, this Court finds that an award of $48.75 is appropriate for Plaintiff's costs and expenses in pursuing this appeal.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. (Doc. No. 15). The Court notes that Defendant has not objected to the number of hours for which Plaintiff seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an EAJA award in the amount of $1,661.25, representing 9.25 hours of attorney work at an hourly rate of $150.00, 3 hours of paralegal work at an hourly rate of $75.00, and $48.75 in costs and expenses.

**4. Conclusion:**

Based upon the foregoing, the Court recommends that Plaintiff be awarded $1,661.25 pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 8th day of September, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE